NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

_____
In re:                                        : Bankruptcy Case No. 04-36094
                                              :
ROSE MARIE TAFLIN                             : Chapter 7
                                              :
        Debtor.                               :
_____:
                                              :
THEODORE LISCINSKI, JR.,                      :
Trustee in Bankruptcy                         :
                                              :
        Plaintiff                             :
                                              :
vs.                                           : Adversary No. 05-1117
                                              :
ROSE MARIE TAFLIN and                         :
WILLIAM E. TAFLIN REVOCABLE TRUST             :
                                              : **MEMORANDUM OPINION**
        Defendants                            : **Trial Date: 11/30/2005**
_____:


**APPEARANCES**

Theodore Liscinski, Jr., Esquire
265 Davidson Avenue, Suite 200
Somerset, New Jersey 08873
Attorney for Plaintiff/Trustee

Jonathan Kohn, Esquire
Rothbard, Rothbard, Kohn & Kellar
50 Park Place, Suite 1228
Newark, New Jersey 07102
Attorney for Defendants


The Honorable Kathryn C. Ferguson, USBJ

Rose Marie Taflin filed a petition for relief under Chapter 7 of the US Bankruptcy Code on August 10, 2004.[1] Her petition disclosed as real property of the Debtor a single family residence located at 12 Rushmore Drive Brick, NJ ["the Brick Property"] owned by William E. Taflin Revocable Trust ["WET Trust"] for which the Debtor serves as trustee and is trust beneficiary. The Debtor claimed no title interest in the property. Her Statement of financial affairs indicated "None" in response to the request to "List all other property...transferred either absolutely or as security within one year immediately preceding the commencement of this case."

What actually happened is considerably murkier than the Debtor's schedules suggest. Title to the Brick property was, at the date of the filing, held by the WET Trust. It was, however, originally in the name of Rose Marie Taflin individually and transferred to the WET Trust on April 29, 2003. The Trustee filed this complaint seeking to set aside the transfer of the property from Ms. Taflin to the WET Trust on state and federal fraudulent transfer theories.

Ms. Taflin's defense is that the property was always intended to be in the name of the WET Trust and that the monies she used to purchase the property belonged to the WET Trust. She testified that she and her now-deceased husband, William E. Taflin, transferred title to certain property owned jointly by them in Florida to the WET Trust on May 13, 1993 for the purpose of estate planning. The trust named Rose Marie Taflin as first alternate beneficiary, named her as alternate trustee and provided that she could sell the homestead property and purchase with the

---

[1] Ms. Taflin had previously filed a Chapter 7 on May 29th 2003. She later converted the case to one under Chapter 13 and then voluntarily dismissed with the intention of re-filing the within petition.

proceeds of sale a replacement homestead. All of the principal of the WET Trust was to remain in the WET Trust, however, for the benefit of the second alternate beneficiaries, the children of Rosemarie and William Taflin respectively.

The WET Trust never filed a tax return, never filed other documentation with the state, never opened a bank account, never operated in any way other than to hold title to the homestead real estate and the $25.00 initial investment.

Shortly after her husband died on October 4, 1994, Ms. Taflin's mother's health deteriorated. Ms. Taflin decided to move to New Jersey to be closer to her mother. She placed the Florida property on the market through a realtor. Her unrebutted testimony is that she gave the realtor a copy of the WET Trust Agreement to the Florida realtor. After accepting an offer from Linda Fraser, she signed a quitclaim deed to the Florida property "Individually and as sole surviving Successor Trustee of the William E Taflin Revocable Trust Agreement dated April 29, 1993." The sale proceeds were paid to Rose Marie Taflin and deposited in her individual account, after notice to all of the secondary alternate beneficiaries. Ms Taflin testified that the transaction was scheduled this way so that she could easily flip the money into the purchase of a new homestead, since the WET Trust did not have a bank account in which to park the funds. Ms. Taflin was not represented in this transaction by an attorney.

In the meantime, Ms. Taflin had made an offer on the home in Brick, NJ. She made the offer through a realtor and her unrebutted testimony is that she gave the realtor information about the WET Trust. She signed the contract of sale for the Brick property as Rose Marie Taflin, individually. She paid the

3

deposit indirectly from her individual account[2] and paid the balance at closing from her individual account. She signed the RESPA statement as the individual buyer. Although she was represented by an attorney at the closing on the Brick property, she did not see a copy of the deed by which she took title until May of 2004. When she received the deed on or about April 4, 2003, she noticed for the first time that it was in her own name rather than the name of the WET Trust. She contacted the attorney who represented her in the real estate closing, and had him transfer title to the Brick property to the WET Trust. Ms. Taflin signed a deed transferring the property to the WET Trust on April 29, 2004.

There is no dispute but that the transfer at issue was effectuated more than one year and less than 4 years before the date of the within filing, that Ms. Taflin was insolvent at the time of these transfers, that there was little or no consideration for the transfer.

The first count of the Trustee's complaint alleges a cause of action under 11 U.S.C. § 548. The elements of a claim of constructive fraud under § 548 are that: (1) the debtor had an interest in property; (2) the transfer of that interest occurred within one year of the bankruptcy petition; (3) the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (4) the debtor received less than reasonably equivalent value in exchange for such transfer. The undisputed facts are that the property was transferred on April 29, 2003 and this petition was not filed until August 10, 2004, more than one year later. While the Trustee notes that the Debtor filed a previous

petition within the fraudulent transfer period and suggests that the Debtor deliberately dismissed and re-filed to avoid the 548 possibilities, he does not seek relief under 727. The allegations of the Trustee's complaint

---

[2] Ms. Taflin borrowed the deposit monies from her mother and repaid her mother from the funds deposited in her individual account after the closing on the Florida property

fail to state a cause of action under 548.

The Trustee's other count seeks relief under N.J.Stat. Ann. 25:2-25 through 29 available to the Trustee through 11 U.S.C. § 544. A transfer is fraudulent as to present creditors if made without receiving reasonably equivalent value and the Debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer. N.J.Stat. Ann. 25:2-27(a). Such a cause must be brought within 4 years of the date of transfer per N.J.Stat. Ann. 25:2-31(b). Under state law, a transfer occurs when the transfer is so far perfected that a good-faith purchaser of the asset obtains an interest that cannot be superceded. N.J.Stat. Ann. 25:2-28 (a)(1). In this case, that would be the date that the deed from Rose Marie Taflin to the WET Trust was signed.

In order to prevail on a 25:2-27(a) count, therefore, the Trustee must establish that the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at the time or became insolvent as a result of the transfer. *See* N.J.Stat. Ann.25:2-27(a). Under New Jersey law, a debtor is insolvent if "the sum of the debtor's debts is greater than all of the assets, at fair valuation."N.J. Stat. Ann. § 25:2-23(a). The New Jersey statute further provides plaintiffs seeking to avoid a fraudulent transfer with a rebuttable presumption--a presumption of "equity insolvency"-- that a debtor is insolvent if the debtor "is generally not paying his debts as they become due." N.J. Stat. Ann. § 25:2-23(b). *See also* In re Advanced Telecommunication Network, Inc. 321 B.R. 308, 332 (Bankr. M.D.Fla.2005)

Here, there seems to be no question but that Ms. Taflin held title to the property and transferred it to the WET Trust for no consideration. The more difficult aspect for the Trustee is whether Ms. Taflin was insolvent or rendered insolvent at the time of the transfer. Ms. Taflin testified that the $70,000 or so

5

in debt listed in her petition had accrued over the course of 6 to 7 years, so there is indication in the record that she carried quite a bit of debt. What is absent from the record, however, is any information about the assets that she may have had as of the date of her bankruptcy filing. We know that Ms. Taflin did not list significant additional assets as of the date she filed here petition, but the record is devoid of information about what assets she may have had some 15 months later. The only presumption of insolvency that the Trustee could rely upon does not pertain here because the record is silent as to whether Ms. Taflin was paying her bills as they became due. Accordingly, the Trustee has not met his burden of establishing a fraudulent transfer under N.J.Stat. Ann. 25:2-27 because he has not established the insolvency element.

The Trustee also seeks relief under N.J.Stat. Ann. 25:2-25. That section provides that A transfer made by a debtor is fraudulent as to a creditor if the transfer was made:

a. With actual intent to hinder, delay or defraud any creditor of the debtor; or

b. Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

N.J.Stat. Ann. 25:2-25. In determining fraudulent intent, N.J.Stat. Ann. 25:2-26 identifies a number of factors, including whether the transfer was to an insider; whether the Debtor retained control of the property after the transfer, whether the transfer was concealed, whether the Debtor had been sued or threatened with suit, whether the transfer was of substantially all the Debtor's assets, whether the Debtor removed or concealed assets, whether the debtor was insolvent or became insolvent shortly after the

transfer was made and whether the transfer occurred shortly before or shortly after a substantial debt was incurred. United Jersey Bank v. Vajda, 299 N.J.Super. 161, 163-164, 690 A.2d 693, 694 (App. Div. 1997)

It is difficult to find actual intent here under the totality of the circumstances. Applying the statutory factors, the only factors suggesting fraudulent intent are that the transfer was arguably to an insider, the Debtor retained possession of the property after the transfer and the value of the consideration is well less than the value of the property transferred. None of the other factors described in the statute suggest fraudulent intent. Moreover, Ms. Taflin's testimony strongly suggested that she was not the driving force behind the creation of the trust and was distracted by family matters at the time of the purchase of the Brick home. Although her attention to the details of maintaining the trust was far from exemplary, the totality of the unrebutted facts to which she testified and the manner in which she presented those facts leaves the court with the clear impression that the transfer at issue was not undertaken with fraudulent intent. The Trustee thus cannot sustain his burden of establishing a fraudulent transfer under N.J.Stat. Ann. 25:2-25

Because the Trustee has not met his burden of establishing each of the elements required under N.J.Stat. Ann. 25:2-25 and 29, judgment will be entered in favor of the Defendant. Defendant should submit a form of order that comports with this opinion.

_____
KATHRYN C. FERGUSON, USBJ
US Bankruptcy Court

DATED:    December 19, 2005